### REPUBLIC IRON & STEEL CO. v. PSHONKO.

(Circuit Court of Appeals, Third Circuit. May 24, 1918.)

#### No. 2373.

MASTER AND SERVANT ☞286(19)—MASTER'S LIABILITY FOR INJURY TO SERVANT —NEGLIGENCE IN OPERATION OF COAL MINE.

. Evidence of negligence of a mine owner, in failing to properly support the roof of its coal mine, which fell and injured plaintiff, a miner, *held* sufficient to warrant submission of the case to the jury.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thompson, Judge.

Action at law by Mike Pshonko against the Republic Iron & Steel Company. Judgment for plaintiff, and defendant brings error. Affirmed.

David E. Mitchell, of Pittsburgh, Pa. (Richard Jones, Jr., and O. T. Fell, both of Youngstown, Ohio, of counsel), for plaintiff in error.

Abraham Gratz, H. Fred. Mercer, and A. J. Eckles, all of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BUFFINGTON, Circuit Judge. In this case the plaintiff brought suit in a state court against the Republic Iron & Steel Company to recover damages for personal injury suffered by him while working in its mine and, as alleged by him, through its negligence. The defendant, being a corporate citizen of New Jersey, had the cause removed to the court below, where it was tried, and a verdict had for the plaintiff. On entry of judgment thereon, the defendant sued out this writ of error.

No questions were raised to the admission of evidence or to the charge of the court; the sole question being the court's alleged error in refusing to give binding instructions for defendant. No principles of law are involved, the simple question before us being whether there was testimony from which a jury could infer negligence on the part of the defendant. That question the court below re-examined on a motion for a new trial, and decided against the defendant's present contention in these words:

"While various causes of negligence were alleged in the plaintiff's statement, that chiefly relied on by the plaintiff was the fact that, in removing certain ribs of coal in the progress of the mining operations, there was left a large space of at least from 45 to 60 or more feet in dimension. In this space the roof was supported by stumps of coal left for that purpose, together with certain posts inserted to help support the roof. Evidence was offered to show that this was an unsafe condition in which to leave the roof, and that ordinary care required that falls of the roof should have been made at certain distances of from 12 to 15 feet, or thereabouts: that by reason of the failure to let down the roof, as ordinary prudence and care and the usual custom in mining required, and the roof for so large a space being inadequately supported, suddenly fell, entrapping the plaintiff in the fall, by which he was seriously and permanently injured. There was evidence tending to show that this condition was called to the notice of the defendant's superintendent when he was present at that part of the mine, and that he pronounced it safe, and thus induced the plaintiff to continue his work."

We have examined the proofs, and are of opinion the résumé of the testimony quoted above is correct. Such being the case, it follows the court made no error in refusing to withdraw the cause from the consideration of the jury and declining to give peremptory instructions for the defendant.

The judgment below is therefore affirmed.